UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SONYA DREVES,

    Plaintiff,

v.                                                  Case No. C-1-09-722

MEMORIAL, INC., et al.,

    Defendants.

**ORDER**

This matter is before the court on plaintiff Sonya Dreves's Motion for Partial Summary Judgment (doc. 20), which defendants oppose (doc. 28). Plaintiff moves for summary judgment on Count VI of the Amended Complaint, "Breach of Contract - Loan Repayment," on the ground that there are no material factual disputes regarding defendant Memorial, Inc.'s failure to fully repay loans plaintiff made to it in 2006.

**I. Background**

Defendant Memorial, Inc. (Memorial) is a non-profit organization which provides a variety of programs to disadvantaged children and families at its Early Childhood Education Centers. Its funding comes from many sources, including state and federal programs, various grants, private and corporate donations, and general fundraising activities.

Plaintiff began her employment with Memorial in 1996. During her employment, she served as Memorial's President and reported to its Board of Directors, which oversaw Memorial's financial undertakings. On October 15, 2002, plaintiff and Memorial's Board Chair Karen Parchment and Vice-Chair Rebecca Stewart signed a loan agreement. Motion for Partial

1

Summary Judgment, Plaintiff's Decl., Exh. 1.  Under the terms of the agreement, plaintiff agreed to loan Memorial $30,000.00 and Memorial agreed to repay the money without interest once it received "the advanced money from the federally funded Head Start program."  *Id*.  The agreement states that "This advance usually arrives around November 25th but can arrive as late as December 31, 2002."  Memorial repaid the money within 30 to 90 days.  Plaintiff's depo., p. 12.

Plaintiff claims that following the initial loan, she made additional short-term loans to Memorial.  She contends that Memorial's Board eventually advised her that when additional funds were needed, no further formal loan agreements would be necessary and she should simply document the transactions.  Plaintiff alleges that she did so, maintaining a file documenting the subsequent loans.  She asserts that consistent with her past practice, she loaned Memorial a total of $68,089.19 between August 2, 2006 and October 3, 2006, when Memorial needed money to meet its operating expenses.  She contends that she expected the loans to be repaid within a short period of time from an anticipated settlement with the Hamilton County Department of Jobs and Family Services, but the settlement turned out to be less than expected.  She alleges that Memorial nonetheless paid her $10,000.00 toward the balance of the loans on October 19, 2006, and an additional $5,000.00 on November 15, 2006.

Memorial contends that when Brian Ross began his term as Memorial's Board Chair in April 2006, Memorial's Board of Directors did not approve or give authorization for an alleged loan with plaintiff.  Memorial asserts that on the dates plaintiff alleges it made payments to her for loan balances, she made checks out to herself for $10,000.00 and $5,000.00, respectively, and signed the checks herself.  Memorial denies that it knew about, approved, or authorized either

check. It claims that neither Ross nor the Board ever acknowledged that plaintiff made the loans to Memorial or that Memorial committed to pay the amounts purportedly due to her.

Memorial terminated plaintiff on December 22, 2006, for the stated reason that its Board wanted to move the agency in a new direction. See Motion for Partial Summary Judgment, Plaintiff's Decl., Exh. 7. Plaintiff contends that after her termination, she sought to recover the money she had loaned Memorial. She claims that Ross acknowledged the loans and committed to repay the amounts that were due, but Memorial has not paid her any amount toward the outstanding loan balance. Ross denies ever acknowledging that plaintiff had made loans to Memorial or that he committed to repay plaintiff any such loan amounts.

Plaintiff claims that there was an implied contract in fact that Memorial would repay the money she loaned it in 2006 within a reasonable amount of time. She claims that Memorial has breached the implied contract by failing to repay a portion of the loan and that she has suffered damages as a result.

## II. Applicable Law

To prove a breach of contract under Ohio law, a plaintiff must establish the existence of a contract, performance by the plaintiff, breach by the defendant, and damage to the plaintiff. ***Doner v. Snapp,*** 98 Ohio App.3d 597, 600, 649 N.E.2d 42, 44 (1994). A contract "includes every description of agreement or obligation, whether verbal or written, whereby one party becomes bound to another to pay a sum of money or to perform or omit to do a certain act." ***Terex Corp. v. Grim Welding Co.,*** 58 Ohio App.3d 80, 568 N.E.2d 739, syll. ¶ 1 (1989). The elements of a valid contract include an offer, acceptance, and consideration. ***Kostenik v. Helper,*** 96 Ohio St.3d 1, 3, 770 N.E.2d 58, 61 (2002). In addition, the parties must have a meeting of the

minds as to the essential terms of the agreement. *Id.* at 4, 770 N.E.2d at 61 (citing *Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relats.,* 61 Ohio St.3d. 366, 369, 575 N.E.2d 134 (1991)).

Ohio courts recognize both express contracts and implied contracts. *Legros v. Tarr*, 44 Ohio St.3d 1, 6, 540 N.E.2d 257, 263 (1989) (citations omitted). While both express and implied contracts require the showing of an agreement based on a meeting of the minds and mutual assent, the manner in which this showing is made varies depending on the type of contract at issue. *Reali, Giampetro & Scott v. Soc. Natl. Bank*, 133 Ohio App.3d 844, 849, 729 N.E.2d 1259, 1263 (1999) (citing *Lucas v. Costantini*, 13 Ohio App.3d 367, 368-369, 469 N.E.2d 927, 928-930 (1983)). The parties assent to the terms of an express contract formally through the offer and acceptance. *Id*. In an implied contract, there is no formal offer and acceptance and no express agreement. *Id*. at 849-50, 729 N.E.2d at 1263. Instead, the meeting of the minds must be proved by demonstrating that the circumstances surrounding the parties' transaction "make it reasonably certain that the contract exists 'as a matter of tacit understanding.'" *Id*. (citations omitted).

### III. Resolution

There are numerous disputed facts which preclude a determination as a matter of law that the parties had an implied contract. Plaintiff claims that she and Memorial's Board had an agreement that she would loan money to Memorial without obtaining Board approval and without entering into formal loan agreements, that she was to document each loan through a memo, and that she would keep records of the transfers and repayments. Plaintiff has submitted two declarations in an effort to demonstrate the existence of an implied contract, but her

averments are too vague to establish as a matter of law that Memorial agreed to be bound by an ongoing loan agreement under the terms she describes. Plaintiff alleges that "she was told by the Board" that she need not obtain Board approval nor enter into formal loan agreements for loans she would make to Memorial. Plaintiff's Motion for Partial Summary Judgment, Appx., Plaintiff's Decl., ¶ 8. She does not, however, set forth any of the specific circumstances surrounding the making of the alleged agreement. She asserts in her supplemental declaration only that she was told this by members of the Board and to the best of her recollection, the discussion took place at a Board meeting in either late 2002 or 2003. Plaintiff's Reply Memo, Suppl. Decl., ¶ 2. Similarly, plaintiff avers that she spoke to Ross after her termination about recovering the balance of the loan, and he stated that he knew she had loaned Memorial money and he would see that it was repaid. *Id*., ¶ 18. Plaintiff does not allege, though, that she had ever reached an agreement with Ross concerning the actual making of the loans.

Plaintiff has also submitted documents to show that she transferred money to Memorial and that she wrote checks to herself for "Loan repayment" and "Payment towards loan" in October and November of 2006. Plaintiff's Motion for Partial Summary Judgment, Appx., Exhs. 2-6. Plaintiff has not submitted evidence which indisputably establishes, however, that the transfers and payments were made pursuant to an implied contract between the parties.

For its part, defendant denies that Memorial's Board had an agreement with plaintiff that she could make loans to Memorial without Board approval or without executing written loan documents. In addition, Ross denies ever acknowledging that plaintiff had made loans to Memorial or that he committed to repay plaintiff alleged loan amounts. Defendants' Opposition in Response, Exh. 1, Aff. of Brian Ross, ¶ 12.

Thus, there clearly are fact issues as to whether the parties had a meeting of the minds regarding the essential terms of an ongoing loan agreement. These issues preclude summary judgment as a matter of law in plaintiff's favor on Count VI of the amended complaint.

### IV.  Conclusion

In accordance with the foregoing, plaintiff's Motion for Partial Summary Judgment on Count VI of the amended complaint (doc. 20) is **DENIED**.

**IT IS SO ORDERED.**

    S/ Herman J. Weber
    HERMAN J. WEBER, SENIOR JUDGE
    UNITED STATES DISTRICT COURT